UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Cedric E. Jenkins, #291312, | ) | C/A No. 3:09-2696-HMH-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| vs. | ) | |
| | ) | |
| Angela Delgado, Officer; | ) | |
| Warden R.H. Mauney; | ) | |
| Sylvia Porter; | ) | |
| James Simmons, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Cedric E. Jenkins ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Manning Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint appears to name SCDC employees as defendants.[2] Plaintiff alleges that his constitutional rights were violated because defendant Delgado assaulted him and the other named defendants did not properly handle his grievances about the incidents. Plaintiff seeks

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

1

compensatory and punitive damages. The complaint should be dismissed for failure to state a claim on which relief may be granted.

### *Pro Se* Review pursuant to the Prison Litigation Reform Act (PLRA)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Further, the plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if the plaintiff had prepaid the full filing

fee, this court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Plaintiff alleges that in June of 2008, he was incarcerated at Livesay B Correctional Institution.[3] (Compl. at p. 3) Plaintiff alleges that defendant Delgado is a correctional officer who

---

[3] Plaintiff actually alleges that the institution was "Liversay," but that appears to be a misspelling of the Livesay Correctional Institution.

assaulted him on June 20 and 23, 2008. On June 20, 2008, Plaintiff was inside his cube arranging shoes under his bed during the institutional informal count in the evening, and Delgado walked by and counted him and his roommate. *Id.* Plaintiff alleges that Delgado stopped her count, entered his cube, and kicked him in the "buttock" while he was bending over arranging his shoes. *Id.* Plaintiff was startled and fell over. *Id.* Then, Plaintiff alleges that "Officer Delgado laughed, and said she couldn't help it and continued with her count." *Id.* On the evening of June 23, 2008, Plaintiff alleges that he was brushing his teeth when Delgado appeared and instructed the inmates to exit the bathroom. *Id.* Plaintiff alleges that he complied and began walking to his cube. Plaintiff passed by Delgado, and she allegedly poked him roughly in his left side. *Id.* Plaintiff told Delgado that "he'd had enough of her abuse and was gonna report it," and he alleges that he did report Delgado's "abuse" that evening. *Id.* On June 28, 2008, Plaintiff alleges that he passed by Delgado when exiting the kitchen and she called him a "piece of shit." (Compl. at p. 4)

Plaintiff alleges that he reported the misconduct by Delgado to several different correctional officers, filed grievances about it, and had a meeting with defendant Porter, the Grievance Coordinator, to discuss the incidents. (Compl. at pp. 3-4) After Plaintiff had filed a Step One grievance, Plaintiff was called to a meeting with Porter. Plaintiff told Porter that he desired to press charges against Delgado. Defendant Porter advised him that pressing charges "was not gonna happen, to drop the matter, and that Officer Delgado was now working at Liversay A." (Compl. at p. 4) Plaintiff seems to complain that defendants Porter and Mauney, the warden, did not interview Plaintiff's eye witnesses before they made the decision of how to discipline Delgado. *Id.* Plaintiff filed a Step Two appeal that defendant Simmons decided. *Id.* Simmons allegedly denied the Step Two appeal because Plaintiff did not provide evidence to substantiate his claims. *Id.* In this case,

4

Plaintiff seems to claim that defendants Porter, Mauney, and Simmons did not adequately discipline Delgado and did not sufficiently investigate the incidents. Plaintiff seeks compensatory and punitive damages.

Discussion

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Even construing Plaintiff's facts liberally, Plaintiff has failed to state a claim that his constitutional rights were violated by the defendants. First, Plaintiff attempts to bring a claim against defendant Delgado for an Eighth Amendment excessive force violation. It is well established that "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). To establish an Eighth Amendment claim for cruel and unusual punishment, the plaintiff must prove: (1) objectively, the deprivation of a basic human need was sufficiently serious, and (2) subjectively, the prison officials acted with a "sufficiently culpable state of mind." *Wilson v. Seiter,* 501 U.S. 294, 298 (1991). The subjective component requires the prisoner to show that the officers

applied force not "in a good faith effort to maintain or restore discipline," but rather applied force "maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian,* 503 U.S. 1, 6-7 (1992). The objective component requires the prisoner to prove that the use of force was more than *de minimis* or, in the alternative, that it was repugnant to the conscience of mankind. *Id.* at 9-10. In other words, "*[d]e minimis* force constitutes a violation of the Eighth Amendment *only* if it is "'repugnant to the conscience of mankind.'" *Santiago v. C.O. Campisi Shield # 4592*, 91 F.Supp.2d 665, 674 (S.D.N.Y. 2000) (citations omitted). *De minimis* injury can be conclusive evidence that the force used was also *de minimis* and, therefore, not violative of constitutional protections. *See Norman v. Taylor,* 25 F.3d 1259, 1264 (4th Cir.1994). Of course, "'not every push or shove, even if it may later seem unnecessary' is serious enough to entail a deprivation of a constitutional right...." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir. 1973).

In this case, Plaintiff has not alleged any facts that would rise to the level of a showing of objective harm prohibited by the Eighth Amendment. Plaintiff's being startled by a kick in the buttocks and falling over from his position of being bent over or squatting and Plaintiff's being poked hard once in his side are not actions repugnant to the conscious of mankind. *See Carter v. Morris*, 164 F.3d 215, 219 n.3 (4th Cir. 1999) (concluding that a claim that handcuffs were too tight and an officer pushed her legs was so insubstantial that it could not state a claim of excessive force); *Norman v. Taylor*, 25 F.3d at 1259 (keys swung at an inmate's face striking his thumb was not repugnant to the conscience of mankind and it caused a *de minimis* injury); *Gavin v. Ammons*, No. 92-3545, 1994 WL 117983 at *1 (7th Cir. April 6, 1994) (guard pulling inmate's hair was not the sort of force repugnant to mankind); *Jackson v. Pitcher*, No. 92-1056, 1992 WL 133041 (6th Cir. June

6

16, 1992) (guard stomp on hand of inmate was a *de minimis* injury and did not rise to the level of malicious or sadistic use of force); *Santiago v. C.O. Campisi Shield # 4592*, 91 F.Supp.2d 665, 674-75 (S.D.N.Y. 2000) (an open-handed slap on the jaw was not sufficiently repugnant to the conscience of mankind, and listing other examples of force used by officers that was not sufficient to give rise to an Eighth Amendment claim). *Cf. Carthens v. Lewis*, C/A No. 8:08-107-HFF-BHH, 2009 WL 394299 (D.S.C. Feb. 17, 2009) (denying summary judgment for the defendants because the plaintiff's facts showed an unprovoked physical assault, punches to the face, kicks to the ribs, and dumping the individual out of a wheelchair and dragging him to a car, and without inflicted damages, but the acts were repugnant to the conscience of mankind). While Delgado's alleged actions are not to be condoned or permitted within a prison, they seem more similar to an unacceptable prank or teasing rather than a constitutional violation. Also, Plaintiff alleges no injury at all resulting from the two alleged assaults by Delgado, much less *de minimis* injury. Therefore, because Plaintiff's version of the facts does not rise to the level of demonstrating the objective element of an Eighth Amendment excessive force claim, Plaintiff fails to state a claim upon which relief may be granted. Additionally, Plaintiff's allegation of verbal harassment by Delgado does not constitute the violation of any federally protected right. *See Aziz Zarif Shabazz v. Pico*, 994 F.Supp. 460, 474 (S.D. N.Y. 1998) (noting that "verbal harassment or profanity alone, 'unaccompanied by any injury no matter how inappropriate, unprofessional, or reprehensible it might seem,' does not constitute the violation of any federally protected right and therefore is not actionable under 42 U.S.C. § 1983."). *See also Pittsley v. Warish*, 927 F.2d 3, 7 (1st Cir. 1991) ("Fear or emotional injury which results solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest.").

As to Plaintiff's claims against defendants Mauney, Porter, and Simmons, Plaintiff may be alleging a due process violation because they did not interview his eye witnesses to the assaults. Plaintiff also believes that those defendants should have helped Plaintiff to press charges against Delgado. Plaintiff alleges that after he complained to prison officials about Delgado's misconduct, Delgado was assigned to work at a different part of the Livesay Correctional Institution. Plaintiff essentially is complaining that defendants Mauney, Porter, and Simmons did not handle the matter appropriately because they should have done more to discipline or punish Delgado for her misconduct. This claim sounds in negligence. Negligence, in general, is not actionable under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-36 & n.3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793-94 (4th Cir. 1987); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995) (applying *Daniels v. Williams* and *Ruefly v. Landon*: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]"). For example, if a police officer's conduct violates police regulations and state law which prohibit negligent conduct, that does not mean that the conduct also violates federal or constitutional law. *See Robles v. Prince George's County, Maryland*, 302 F.3d 262, 271 (4th Cir. 2002). Therefore, Plaintiff does not state a constitutional claim upon which relief may be granted as to defendants Mauney, Porter, and Simmons.

<u>Recommendation</u>

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to

determine whether they are subject to summary dismissal).  **The plaintiff's attention is directed to the important notice on the next page.**

                                                Joseph R. McCrorey
                                                United States Magistrate Judge

November 16, 2009
Columbia, South Carolina

9

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).