IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Cedric E. Jenkins, #291312, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 3:09-2696-HMH-JRM |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Angela Delgado, Officer; Warden R.H. Mauney; Sylvia Porter; James Simmons, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Joseph R. McCrorey, made in accordance with 28 U.S.C. § 636(b)(1) (2006) and Local Civil Rule 73.02 of the District of South Carolina.[1] Cedric E. Jenkins ("Jenkins"), a federal prisoner proceeding pro se, brings this action against Defendants pursuant to 42 U.S.C. § 1983. Jenkins alleges that his constitutional rights were violated when Officer Angela Delgado ("Officer Delgado") assaulted him. Further, Jenkins alleges that Defendants Warden R.H. Mauney, Sylvia Porter, and James Simmons did not properly handle his grievance. In his Report and Recommendation, Magistrate Judge McCrorey recommends dismissing the complaint for failure to state a claim on which relief may be granted.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

1

Jenkins filed objections to the Report and Recommendation. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Jenkins' objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, Jenkins provides one specific objection: the magistrate judge erred in finding that the complaint fails to state claims for relief. (Objections, generally). The facts contained within Jenkins' complaint attempt to raise an Eighth Amendment excessive force claim and a Fourteenth Amendment due process violation.

Jenkins alleges that Officer Delgado assaulted him on two occasions: first, by kicking him in his buttocks while he was bending over arranging his shoes and second, by poking him "roughly" in his left side. (Compl. ¶ IV.) Subsequently, Jenkins asserts that he filed Step One and Step Two grievances against Jenkins, but no one interviewed his eyewitnesses before making a decision on how to discipline Officer Delgado. (Id.) The magistrate judge concluded that "[e]ven construing [Jenkins'] facts liberally, [he] has failed to state a claim that his constitutional rights were violated by the defendants." (Report & Recommendation 5.)

Jenkins objects stating that "the force . . . applied to plaintiff was not in good faith or to restore order, because plaintiff was simply arranging shoes under his bed, when plaintiff was kicked from behind by [Officer Delgado]." (Objections 2.) However, Jenkins also states that he

"doesn't have physical scar[]s or injuries" from any of his alleged encounters with Officer Delgado. (Id. 7.) Accordingly, Jenkins has failed to show physical injury as a result of this alleged incident; moreover, any injury would have been de minimis. See Norman v. Taylor, 25 F.3d 1259, 1263 (4th Cir. 1994) (holding that "absent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is *de minimis*"). Accordingly, Jenkins' excessive force claim fails to state a claim for relief.

Additionally, Jenkins objects stating that the remaining Defendants violated his right to due process "by not thoroughly investigating [his] claim, not interviewing named witnesses, and failing to act once they became aware of constitutional rights being violated." (Objections 3.) According to the complaint, after filing the first grievance, Sylvia Porter ("Porter") discussed the matter with Jenkins. Porter then informed Jenkins that Officer Delgado was now working in another location. (Compl. ¶ IV.) Unsatisfied with this remedy, Jenkins then filed a Step Two grievance alleging that Defendants failed to speak with his eyewitnesses before making a decision. Jenkins has failed to allege sufficient facts to infer that he was denied due process. As the magistrate judge explains, at best, Jenkins alleges a claim for negligence which is not actionable under § 1983. (Report & Recommendation 8.) "[N]egligent acts by state officials involve no affirmative abuse of governmental power . . . [and] it would make no sense to open the federal courts to lawsuits where there has been no affirmative abuse of power." Pink v. Lester, 52 F.3d 73, 75 (4th Cir. 1995) (internal quotation marks and citations omitted). Based on the foregoing, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge McCrorey's Report and Recommendation.

Therefore, it is

**ORDERED** that the Jenkins' complaint, docket number 1, is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
December 21, 2009

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.